IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA<br>SECRETARY OF LABOR, UNITED STATES<br>DEPARTMENT OF LABOR<br><br>Plaintiff,<br><br>v.<br><br>FAIRMOUNT FOUNDRY, INC.<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO.<br><br><br>**COMPLAINT – Labor**<br>29 U.S.C. §651, *et seq.* |

## COMPLAINT

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff" or "the Secretary") brings this action to enjoin Defendant, FAIRMOUNT FOUNDRY, INC. ("Fairmount"), from violating provision 11(c) of the Occupational Safety and Health Act of 1970 ("the Act"), (29 U.S.C. §651 *et seq.*), and for a judgment against Defendants for back wage compensation, reinstatement and/or front wages, and any other relief found by the Court to be due to former employee Zachary Zettlemoyer.

I

Plaintiff brings this action for injunctive and other relief, pursuant to §11(c) of the Occupational Safety and Health Act of 1970, as amended (29 U.S.C. §651 *et seq.*), ("the Act") seeking to enforce the provisions of §11(c) of the Act.

II

Jurisdiction of this action is conferred upon the Court by 29 U.S.C. §660(c)(1), namely §11(c)(1) of the Act.

III

Defendant is a corporation under the laws of the State of Pennsylvania and is headquartered at Front & Pine Street, Hamburg, PA 19526, which is where the conduct alleged in this Complaint occurred. As such, this Court is the proper venue for this action.

IV

Defendant is now, and has been at all times material herein, a person as defined in 29 U.S.C. §652(4) because it is a corporation.

V

Defendant is now, and has been at all times material herein, an employer within the meaning of 29 U.S.C. § 652(5) because it is a person engaged in a business affecting commerce who has employees.

VI

At all times material to this matter, Zachary Zettlemoyer was an employee as defined by 29 U.S.C. §652(5) and Defendant was an employer as defined by 29 U.S.C. §652(6). Mr. Zettlemoyer worked at Defendant's Hamburg, Pennsylvania location of Fairmont Foundry in various capacities and for varying lengths of time during five separate periods between December 2006 and October 2016. Most recently, he was employed by Fairmount as a molder helper from July 23, 2015 until October 8, 2016.

VII

Beginning in July, 2015, Mr. Zettlemoyer repeatedly complained to Defendant about a roof leak into the small loop area where he was working, which he believed posed a safety hazard because it leaked directly onto an electrical box and created a slipping hazard.

VIII

On September 30, 2015, when Defendant still had not taken any action to correct the hazardous condition, Mr. Zettlemoyer made an anonymous safety complaint to the Occupational Safety and Health Administration (OSHA), a component of the Department of Labor, regarding the roof leak and potential electrical and slipping hazards.

IX

On October 2, 2015, OSHA conducted an unannounced inspection of the worksite.

X

Following the OSHA inspection, on or around October 5, 2015, Defendant's President of Operations, Douglas Vaughn ("Vaughn"), confronted Mr. Zettlemoyer regarding the anonymous OSHA safety complaint.

XI

On October 8, 2015, just six (6) days after OSHA's unannounced inspection and three (3) days after the confrontation took place between Vaughn and Mr. Zettlemoyer, Defendant discharged Mr. Zettlemoyer.

XII

Mr. Zettlemoyer filed a whistleblower complaint with OSHA on October 28, 2015, alleging that the Defendant discharged him in violation of §11(c)(1) of the Act.  29 U.S.C. §660(c)(2).

XIII

Plaintiff thereafter investigated the above whistleblower complaint in accordance with §11(c)(2) of the Act and determined that Defendant violated §11(c)(1) of the Act when it discharged Mr. Zettlemoyer because he had engaged in the protected activities set forth in paragraphs VII and VIII.  29 U.S.C. §660(c)(1) and (c)(2).

XIV

Defendant discharged Mr. Zettlemoyer because he engaged in activity protected by the Act, as set forth in paragraphs VII and VIII, and thus Defendant violated §11(c)(1) of the Act. 29 U.S.C. §660(c)(1).

XV

To date, Defendant has failed to reinstate Mr. Zettlemoyer and to compensate him for lost wages and other damages suffered as a result of her improper termination, in continued violation of §11(c)(1) of the Act. 29 U.S.C. §660(c)(1).

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendant as follows:

(1)   For an Order permanently enjoining Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of §11(c)(1) of the Act (29 U.S.C. §660(c)(2)); and

(2)   For all appropriate relief, including reinstatement, payment to Mr. Zettlemoyer for lost wages and benefits, including interest thereon, compensatory damages, including damages for emotional distress, interest on compensatory damages for pecuniary losses, consequential damages, including attorney's fees, and punitive damages to deter such conduct by Defendant in the future; and

(3)   For an Order requiring posting in a prominent place for 60 (sixty) consecutive days of a notice stating Defendant will not in any manner discriminate against employees because of engagement, whether real or perceived, in activities protected by §11(c) of the Act, and for the costs of this action; and

(4)   For an Order granting such other and further relief as may be necessary and

appropriate.

Respectfully submitted this 27th day of September, 2017.

                                                Nicholas C. Geale
                                                Acting Solicitor of Labor

                                                OSCAR L. HAMPTON, III
                                                Regional Solicitor

                                                JENNIFER L. BLUER
                                                Trial Attorney
                                                PA Bar 307299

                                                *Jennifer L. Bluer /aja*
                                                Jennifer. L. Bluer

                                                **ATTORNEYS FOR PLAINTIFF**